1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER KORJUS,

                              Plaintiff,

        v.

JAY INSLEE, in his official capacity as
Governor of Washington State,

                              Defendant.

CASE NO. 3:20-cv-06126-RJB

ORDER ON PLAINTIFF'S
MOTIONS FOR TEMPORARY
RESTRAINING ORDERS

THIS MATTER comes before the Court on Plaintiff's Motion and Brief for Temporary Restraining Order – COVID-19 Vaccines (Dkt. 6) and Plaintiff's Motion and Brief for Temporary Restraining Order – Proclamation 20-25.8 (Dkt. 7).  The Court has considered the motions, Defendant's responses, and the file herein.

## I.        FACTS AND PROCEDURAL HISTORY

On November 18, 2020, Plaintiff filed the two pending motions, both of which request a temporary restraining order (TRO) to enjoin actions made by Governor Inslee related to the COVID-19 pandemic.

1    In the first motion, Plaintiff moves to enjoin Washington State's participation in a

2  workgroup of western states to review the safety and efficacy of COVID-19 vaccines, which

3  Plaintiff argues will unconstitutionally delay and deprive Washingtonians' access to a vaccine.

4  Dkt. 6.  In the second, Plaintiff moves to enjoin enforcement of gubernatorial Proclamation 20-

5  25.8, which, among other things, restricts indoor social gatherings.  Dkt. 7.

6                                    **II.      DISCUSSION**

7    Plaintiff's motions should be denied because she appears to lack standing, and she fails to

8  make a clear showing that a TRO is justified.

9    Article III standing requires, at a minimum, that a Plaintiff demonstrate (1) a concrete and

10  particularized injury that is actual or imminent; (2) a causal connection between that injury and

11  the act complained of; and (3) that a favorable decision would likely redress the alleged injury.

12  *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992).  A plaintiff wishing to challenge a law

13  that has not been enforced against them must demonstrate "a credible threat of prosecution."

14  *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1978).

15    Plaintiff lacks standing because she fails to demonstrate a concrete and particularized

16  injury that is actual or imminent.  Plaintiff neither presents evidence that Washington's

17  participation in the workgroup will delay or deny access to a vaccine, nor does she demonstrate a

18  "credible threat of prosecution" for failure to comply to comply with Proclamation 20-25.8.  *See*

19  Dkt. 6.

20    Plaintiff also fails to make a clear showing to justify issuance of a TRO.  To justify

21  issuance of a TRO, Plaintiff must make a "clear showing" that (1) she is likely to succeed on the

22  merits; (2) she would likely suffer irreparable injury in the absence of a TRO; (3) the balance of

23

24

ORDER ON PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS - 2

equities tips in her favor; and (4) a TRO is in the public interest.  *See* Fed. R. Civ. P. 65; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As discussed above, Plaintiff fails to demonstrate likely irreparable injury in the absence of either TRO.  Furthermore, Plaintiff does not show that either participation in the western states workgroup or Proclamation 20-25.8 is likely to be found unconstitutional, so she is not likely to succeed on the merits.  Nor does she show that the balance of equities tips in her favor, or that either TRO is in the public interest.

Both Plaintiff's Motion and Brief for Temporary Restraining Order – COVID-19 Vaccines (Dkt. 6) and Motion and Brief for Temporary Restraining Order – Proclamation 20-25.8 (Dkt. 7) are **DENIED**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of November, 2020.

ROBERT J. BRYAN
United States District Judge