The Honorable Robert J. Bryan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
(Tacoma Division)

| | |
|---|---|
| IN RE CORONAVIRUS VACCINATIONS AND PROCLAMATION, Jennifer Korjus, in her individual capacity and on behalf of all Washingtonians,<br>    Plaintiff,<br><br>v.<br><br>JAY INSLEE, in his official capacity as Governor of the State of Washington,<br>    Defendant. | No. 3:20-cv-06126-RJB |

**MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff files this Motion to Dismiss without Prejudice and, in support thereof, notes the following:

1. Plaintiff could file an amended complaint to attest to many factors demonstrating that her mother, despite living on her own, is an intimate associate in accordance with Board of Directors of Rotary Int'l v Rotary Club of Duarte, 481 U.S. 537 (1987):  Plaintiff was with her parents when her Dad died after 62 years of marriage to her Mom in 2015; Plaintiff and her Mom have communicated daily since Plaintiff's father's death; Plaintiff's 88-year old Mom moved,

with Plaintiff's assistance, to Kitsap County from Texas in 2018 to be nearer one of her five children, living with Plaintiff and her husband for four months prior to moving to her own apartment in a senior living community; Plaintiff buys most of her Mom's groceries and escorts her to and from many medical appointments; Plaintiff is engaged daily in the mundane and special aspects of her Mom's life -- she knows what her Mom has eaten, to whom she has spoken, whether she has heard from an old friend or one of Plaintiff's siblings, from whom she's received mail, how she feels physically and emotionally; Plaintiff is her Mom's attorney-in-fact, helps her Mom with taxes; Plaintiff is her Mom's primary emotional support.

2. The marketplace of ideas as well as religious expression and congregation do not arrive full-fledged in the public sphere but are born, shaped, and honed by individual study as well as intimate and expressive association with those most dear to and/or trusted by us.  It is Plaintiff's fervent view that speech, association, and religious expression ought to be afforded at least or greater protection in the privacy of one's home than we afford these liberties in the public square, the public square being richer for it.

3. Despite Plaintiff never having gotten so much as a traffic ticket in her life and her desire never to have committed a gross misdemeanor, Plaintiff's Mom had a strong desire not to spend Christmas alone as she had this Thanksgiving, and Plaintiff and her husband planned to celebrate the birth of Christ in 2020 with Plaintiff's Mom in their home.  As three people, we would have violated Defendant's re-issued proclamation.

4. Plaintiff's Mom has deteriorated significantly under the isolation of the virus and the interference of Plaintiff's ability to provide support to her in person throughout 2020.  Plaintiff's Mom had a third heart attack on or about Sunday, December 20, and, with any luck, will be

spending Christmas in a rehabilitation bed in a skilled nursing facility, to which Plaintiff will have no access.

5. Plaintiff realizes that, even if the Court agreed that she demonstrated the particularized injury associated with interference with intimate and expressive association and privacy under the First, Fourth, and Fourteenth amendments and Washington Constitution, by reason of the profound chilling effect of Defendant's proclamations, the best she could hope for from the process, should it reach the merits, is bad law: an as applied injunction as opposed to an injunction that would benefit both Plaintiff and the general public's understanding of our constitutionally protected liberties by finding the conditions and preclusion of association, speech, and religious expression in one's home facially unconstitutional.

6. Plaintiff has to focus on restoring her Mom to health and has no excess energy to pursue this matter with the attention it greatly deserves.

7. Plaintiff does not wish to impose on the State Attorney General's office to expend further resources on a matter to which she is unable to devote sufficient time.

8. As Plaintiff's draft orders are wanting, Plaintiff respectfully and regretfully requests that the Court write an order to this effect.

WHEREFORE, Plaintiff respectfully requests that this Court grant a Motion to Dismiss without prejudice.

DATED this 23d day of December 2020.

/s/ Jennifer Korjus

Plaintiff's
No. 3:20-cv-06126-RJB

3

Jennifer Korjus
8655 Sunset LN NW
Seabeck, WA 98380
360-550-4179

## DECLARATION OF SERVICE

I hereby declare that on this day I caused to be served the foregoing on Defendant using the Court's CM/ECF system, which will send notification to counsel of record.

Dated this 23d day of December 2020.

/s/ Jennifer Korjus

Plaintiff's
No. 3:20-cv-06126-RJB

4

Jennifer Korjus
8655 Sunset LN NW
Seabeck, WA 98380
360-550-4179